UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARRYL WILLIAMS,

                        Plaintiff,

v.                                              Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC

                        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Darryl Williams is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC ("Mercantile") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff did not incur a debt. The debt was allegedly incurred by an Adrian Williams. This debt will be referred to as "the subject debt."

10. That upon information and belief, the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That upon information and belief, Adrian Williams thereafter defaulted on the subject debt.

12. That upon information and belief, Defendant was employed by the creditor to whom Adrian Williams owed to collect on the subject debt.

13. That Adrian Williams does not live with the Plaintiff nor do they share a telephone number.

14. That in or about December of 2013, Defendant began calling Plaintiff, multiple times per week, asking for Adrian Williams in an attempt to collect on the subject debt.

15. That during several of these aforementioned calls, Plaintiff informed Defendant that Adrian Williams did not live at his residence and asked the Defendant to stop calling.

16. That despite Plaintiff informing Defendant on multiple occasions that Adrian Williams did not live at his residence, and requesting that Defendant stop calling, Plaintiff has continued to receive telephone calls and artificial/pre-recorded voice messages from Defendant.

17. That in one conversation, Defendant stated to the Plaintiff that he was a liar and that Adrian Williams did in fact reside with the Plaintiff.

18. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

A. Defendant violated 15 U.S.C. §1692 c(a)(1) by repeatedly contacting the Plaintiff even after being informed that they had the wrong number and person.

B. Defendant violated 15 U.S.C. §1692d, 15 U.S.C §1692d(2) and 15 U.S.C. §1692d(5) by conduct the natural consequence of which is to harass, oppress or abuse by causing the phone to ring or engaged any person in telephone conversations repeatedly.

C. Defendant violated 15 U.S.C. §1692d, 15 U.S.C §1692d(2) by stating that the Plaintiff was a liar and that Adrian Williams did reside with the Plaintiff.

D. Defendant violated 15 U.S.C §1692e(11) by failing to communicate the mini-Miranda warning.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: December 11, 2014

_____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
khiller@kennethhiller.com